IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TONI S. RICE )
)
v. ) NO. 3:14-2152
)
OCWEN LOAN SERVICING, LLC )

TO: Honorable John T. Nixon, Senior District Judge

# REPORT AND RECOMMENDATION

By Order entered November 12, 2014 (Docket Entry No. 4), this *pro se* action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure, for entry of a scheduling order, to dispose or recommend disposition of any pretrial motions, and to conduct further proceedings, if necessary.

Presently pending before the Court is the motion for summary judgment (Docket Entry No. 42) of Defendant/Counter Plaintiff Ocwen Loans Servicing, LLC, to which Plaintiff/Counter Defendant Toni S. Rice has filed a response. *See* Docket Entry No. 51. For the reasons set out below, the Court recommends that the motion be granted.

## I. BACKGROUND

Toni S. Rice ("Rice") is a resident of Nashville, Tennessee. On October 31, 2014, she filed this lawsuit *pro se* and *in forma pauperis* against Ocwen Loan Servicing, LLC ("Ocwen"), complaining about events related to a mortgage on residential property located at 3043 Ewingdale Drive, Nashville, Tennessee ("the Property") and actions taken by Ocwen to foreclose on the Property. By the Order of referral, the Court found that the lawsuit was not facially frivolous and Ocwen was served with process. Rice supplemented her Complaint (Docket Entry No. 1) with a

filing that was construed by the Court as an amended complaint (Docket Entry No. 24). *See* Order entered April 16, 2016 (Docket Entry No. 32).

Rice's *pro se* pleadings are somewhat difficult to follow, but she sets out claims for 1) lack of standing to foreclose, 2) violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, 3) violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"); 4) violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq. ("RICO"), 5) intentional infliction of emotional distress, 6) wrongful foreclosure, and 7) recoupment of fees paid to Ocwen. She seeks unspecified compensatory, special, general, and punitive damages, as well as declaratory and injunctive relief, including a "release of mortgage filed by Defendant in favor of Plaintiff." *See* Complaint at 4.

Although Rice's pleadings do not contain a clear recitation of the historical facts underlying her lawsuit, the record in this action indicates that the following facts are undisputed.[1] On July 30, 2010, Rice borrowed $127,710.00 from American Mortgage Service Company ("American Mortgage") pursuant to a note ("Note") that obligated her to make monthly payments of principal and interest for 30 years. *See* Docket Entry No. 45-1. The Note was secured by a deed of trust ("Deed of Trust") to the Property that was recorded with the Davidson County Register of Deeds on August 4, 2010. *See* Docket Entry No. 45-2. The Deed of Trust was later assigned to GMAC Mortgage, LLC ("GMAC") in September 2012, an assignment that was recorded with the Davidson County Register of Deeds on September 28, 2012. *See* Docket Entry No. 45-3.

At some point in or around June 2012, Rice ceased making the payments required under the Note and GMAC initiated non-judicial foreclosure proceedings on the Property in accordance with the terms of the Deed of Trust. *See* Docket Entry Nos. 45-6 to 45-9. For reasons that are unclear, the non-judicial foreclosure did not occur, and GMAC assigned its interest in the Deed of Trust and Note to Ocwen through an assignment recorded with the Davidson County Register of Deeds on

---

[1] Rice has not responded to the Statement of Undisputed Material Facts (Docket Entry No. 44) filed by Ocwen. In accordance with Local Rule 56.01(g), the facts contained in Ocwen's Statement are deemed undisputed.

January 7, 2014. *See* Docket Entry No. 45-10. Ocwen notified Rice that she remained in default on the Note and that Ocwen planned to conduct a non-judicial foreclosure of the Property on April 10, 2014. *See* Docket Entry No. 45-12. The sale occurred on April 20, 2014, and Ocwen purchased the Property for $106,080.00 as memorialized in a Substitute Trustee's Deed recorded with the Davidson County Register of Deeds on April 14, 2014. *See* Docket Entry No. 45-14. At the time of the foreclosure sale, Rice owed $149,373.01 on the Note and, as of May 2015, Rice still owes $54,747.01 on the Note. *See* Affidavit of Crystal Kearse (Docket Entry No. 45) at ¶¶ 23-24. The events occurring after the sale are not clear from the record, but Rice lists 3043 Ewingdale Drive, Nashville, Tennessee as her address of record in this action and, thus, appears to still reside at the Property.[2]

During approximately the same period of time that Rice ceased making the payments required by the Note, she began to have dealings with Mortgage Enterprise Investments ("MEI"), *see* Response to Motion for Summary Judgment (Docket Entry No. 51), at 1, and appears to have begun making monthly "mortgage" payments to MEI totaling several thousand dollars. *See* Docket Entry No. 51-3. As a result of her dealings with MEI, several events occurred: 1) a deed of trust was recorded with the Davidson County Register of Deeds on June 18, 2012, that named Rice as both the grantor and as the "secured party creditor," named MEI as the trustee, and that stated that it "replaces and makes null and void the original Deed of Trust . . . and any other instrument preceding this document," *see* Docket Entry No. 1 at 10-15; 2) Rice tendered a UCC financing statement to the Tennessee Secretary of State for filing on June 4, 2012, listing herself as the debtor and the secured party for all of her assets, land, and personal property, *id*. at 20, and 3) Rice recorded a similar but more lengthy UCC financing statement with the Davidson County Register of Deeds on January 12, 2014. *See* Docket Entry No. 42-3. An assignment of interest was also subsequently recorded with the Davidson County Register of Deeds on June 13, 2014, in which MEI and Rice purported to

---

[2] Rice's most recent filing includes an exhibit suggesting that Ocwen brought a detainer action against Rice in state court in September 2014, but that the action was dismissed for failure to prosecute on December 19, 2014. *See* Docket Entry No. 51-4.

transfer some of their interest in the Property to the "United States" although "all rights to title and ownership remain with secured party creditor Toni S. Rice." *See* Docket Entry No. 1 at 16-19.

After being served with Rice's complaint, Ocwen filed an answer and also brought a counterclaim against Rice seeking (i) damages for breach of contract on the Note and (ii) declaratory relief on the validity and priority of its lien upon the Property. *See* Docket Entry No. 7. A scheduling order was entered allowing for a period of discovery and pretrial activity. *See* Scheduling Order entered December 8, 2014 (Docket Entry No. 8).

By its motion for summary judgment, Ocwen argues that it is entitled to judgment as a matter of law on each of the claims brought by Rice and upon the requests for relief made in its counterclaim. Ocwen contends that the undisputed facts show that it was assigned the Deed of Trust and Note, that Rice defaulted upon her payment obligations under the Note, and that it acted in accordance with the terms of the Deed of Trust to foreclose on the Property upon Rice's default. Ocwen contends that Rice's various theories that Ocwen lacked a legally protected interest in the Property, lacked standing to pursue a foreclosure, and violated federal and state law are unsupported by any facts or law. Ocwen further contends that nothing that occurred as the result of Rice's dealings with MEI created an enforceable lien upon the Property that is superior to that held by Ocwen. In support of its motion, Ocwen relies upon the affidavit of Crystal Kearse, a senior loan analyst with Ocwen (Docket Entry No. 45), exhibits attached to the affidavit (Docket Entry Nos. 45-1 to 45-14), and a Statement of undisputed Facts (Docket Entry No. 44).

In response, Rice fails to offer any substantive rebuttal to the motion filed by Ocwen but contends that the Court should protect her rights since she is a *pro se* litigant, that her lawsuit should go to a jury, and that she should be allowed to "enter into another mortgage agreement." *See* Docket Entry No. 51. Rice further asserts that she was defrauded by MEI and has paid lawyers "a lot of money," that Ocwen failed to appear at the detainer proceeding in state court, and that Ocwen was part of a settlement agreement with the U.S. Department of Justice. *Id*.

4

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Unlike ruling on a motion to dismiss, in considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 325). "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National*

*Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

### III. CONCLUSION

Summary judgment is appropriately granted to Ocwen on all claims. Rice has not rebutted Ocwen's legal arguments for summary judgment and has not produced evidence that would permit a reasonable jury to find in her favor if her claims were to proceed to trial. She has also not set forth any arguments or evidence rebutting Ocwen's breach of contract counterclaim against her. Her response to the motion for summary judgment fails to set forth any basis on which the motion should be denied.

Rice's status as a *pro se* litigant does require the Court to view her filings with some measure of liberality. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the "lenient treatment generally accorded to *pro se* litigants has limits" *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and does not mandate a more lenient application of the substantive law. *Bennett v. Batchik*, 1991 WL 110385, *6 (6th Cir. 1991) (citing *Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir.1983)). The Court is simply not required to supply or assume facts supporting Rice's case and is not required to make legal arguments on behalf of Rice. *See Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000). *See also Brown v. Matauszak*, 415 Fed.App'x 608, 613 (6th Cir. 2011); *Payne v. Secretary of Treas.*, 73 Fed.App'x 836, 837 (6th Cir. 2003).

Furthermore, when a motion for summary judgment is made and properly supported under Rule 56, such as the motion filed by Ocwen, the non-moving party may not merely rest on allegations contained in the pleadings, but must respond with affirmative evidence supporting the

6

claims and establishing the existence of a genuine issue of material fact. *See Celotex Corp.*, *supra; Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). Although Rice is proceeding *pro se*, her *pro se* status does not relieve her from the obligation to set forth admissible evidence showing that genuine issues of material fact exist which require that the action proceed to trial. This is the threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987).

Rice fails to show that she was not obligated under the Note, that she did not default on the Note, and that Ocwen lacked standing to foreclose on the Property. Ocwen's evidence that it was assigned the Deed of Trust and Note and that Rice defaulted on the Note have not been rebutted by Rice in her response to the motion for summary judgment. In accordance with the terms of the Deed of Trust, Ocwen invoked the power of sale provision and initiated a non-judicial foreclosure on the Property upon Rice's default of her payment obligations. Having received an assignment of the Deed of Trust, Ocwen was entitled to pursue the right to foreclose upon the Property. *See Kebede v. Suntrust Mortgage, Inc.*, 612 Fed.App'x 839, 840 (6th Cir. Sept. 2, 2015); *Malone v. Bank of New York Mellon*, 2013 WL 4508709, *4 (M.D. Tenn. Aug. 23, 2013) (Haynes, J.); *Aurora Loan Servs., LLC v. Woody*, 2014 WL 7463032, at *10 (Tenn. Ct. App. Dec. 30, 2014).

The various arguments made by Rice in her pleadings that dispute the standing or legal right of Ocwen to foreclose have been routinely rejected by the courts of this Circuit. *See Kebede*, *supra*; *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 749-50 (6th Cir. 2014); *Dauenhauer v. Bank of New York Mellon*, 562 Fed. App'x 473, 479-80 (6th Cir. April 15, 2014); *Hixson v. Wilson & Assocs., PLLC*, 2013 WL 6147826, *4 n.4 (E.D. Tenn. Nov. 22, 2013) (collecting cases); *Schmidt v. Nat'l City Corp.*, 2008 WL 5248706 (E.D. Tenn. Dec. 17, 2008). Rice has also not rebutted Ocwen's legal arguments supporting its contention that its ability to pursue its rights under the Deed of Trust are not compromised by any deed or filing made by Rice as a result of her involvement of MEI. Indeed, after review of the instruments created and filed by Rice and MEI, the Court has serious doubts as

to whether these instruments have any legal effect and/or create any type of actual legal interest.[3] Finally, Rice has not shown that she is entitled to recoupment of any payments made under the Note. Ocwen is entitled to summary judgment on Rice's claims for lack of standing to foreclose, wrongful foreclosure, and recoupment.

Rice's federal claims under the FDCPA, the FCRA, and RICO are all premised in some manner upon the underlying assertion by Rice that Ocwen had no legal right to foreclose upon the Property. As shown herein, there is no merit to this assertion and, thus, these statutory claims warrant dismissal in favor of Ocwen. Additionally, Rice has not set forth any evidentiary basis supporting her allegations that Ocwen violated these statutory provisions. *Cf. Elsman v. Standard Fed. Bank*, 46 Fed.Appx. 792, 2002 WL 31007987 (6th Cir. Sept. 5, 2002) (conclusory assertions that defendants' actions violated federal statutes failed to adequately support actionable claims). Ocwen is entitled to summary judgment on these claims as well.

There is also no evidence before the Court that would support a reasonable conclusion that Ocwen acted in an outrageous manner causing serious mental injury to Rice, a showing required for her claim of intentional infliction of emotional distress. *Bain v. Wells*, 936 S.W.2d 618, 622 n. 3 (Tenn. 1997). *See also MacDermid v. Discover Fin. Serv.*, 488 F.3d 721, 729 (6th Cir. 2007). Ocwen is therefore entitled to summary judgment on this claim.

With respect to the breach of contract counterclaim brought by Ocwen against Rice, the Court finds that Ocwen has set forth unrebutted evidence showing that Rice defaulted upon her contractual payment obligations under the Note, that the proceeds of the foreclosure sale did not satisfy Rice's indebtedness, and that Ocwen is entitled to a deficiency balance of $54,747.01. *See* Affidavit of Kearse. This unrebutted evidence entitles Ocwen to judgment on its breach of contract counterclaim. *See Schmidt*, 2008 WL 5248706, at *11; *Halliman v. Heritage Bank*, 2015 WL 1955448, at *4 (Tenn. Ct. App. Apr. 30, 2015).

---

[3] The activities of "Mortgage Enterprise" and Anthony Williams, whose name graces some of the instruments created for Rice, are the subject of a consumer protection action in Hawaii. *In re Malinay*, No. 15-00044, 2015 WL 5208985 (Bankr. D. Haw. Sept. 3, 2015).

Ocwen also requests a declaration under the Declaratory Judgment Act, 28 U.S. C. § 2201, that its interest and Deed of Trust is a valid encumbrance and is first in right and priority to all other liens filed by Rice. *See* Docket Entry No. 7 at 9, ¶ 24. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Supreme Court has indicated that this act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S. Ct. 2137, 2142, 132 L. Ed. 2d 214 (1995).

In the Court's view, several factors weigh against the Court exercising its discretionary power under the Act. Entry of a declaratory judgment will not settle the controversy between the two parties given that Rice is apparently still in possession of the Property. Further, it appears that entities that are not parties to this litigation may claim an interest in the Property and, thus, it is not clear that a declaratory judgment would completely resolve the matter. Finally, Tennessee provides for an action to quiet title, *Paczko v. Suntrust Mortgages, Inc.*, 2012 WL 4450896 at *3 (Tenn.Ct.App. Sept. 25, 2012), which is a more appropriate remedy for Ocwen to pursue in order to resolve the essentially state law question of the priority of its interest in the Property. A district court should deny declaratory relief if an alternative remedy is better or more effective. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 562 (6th Cir. 2008).

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the motion for summary judgment (Docket Entry No. 42) of Defendant/Counter Plaintiff Ocwen Loan Servicing, LLC be GRANTED in favor of Ocwen Loan Servicing, LLC, as to the claims brought by Toni S. Rice and these claims be DISMISSED WITH PREJUDICE;

2) the motion for summary judgment (Docket Entry No. 42) of Defendant/Counter Plaintiff Ocwen Loan Servicing, LLC be GRANTED in favor of Ocwen Loan Servicing, LLC, as to the breach of contract counter-claim brought by Ocwen Loan Servicing, LLC, against Toni S. Rice and that a monetary judgment be entered in favor of Ocwen Loan Servicing, LLC, in the amount of $54,747.01;

3) the motion for summary judgment (Docket Entry No. 42) of Defendant/Counter Plaintiff Ocwen Loan Servicing, LLC be DENIED as to a request for a declaratory judgment; and

4) this action be DISMISSED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

      Respectfully submitted,

      BARBARA D. HOLMES
      United States Magistrate Judge